UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RUDOLPH,

        Petitioner,                   Case Number: 2:11-CV-11270

v.                                       HONORABLE NANCY G. EDMUNDS

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Timothy Rudolph is in the custody of the Michigan Department of Corrections pursuant to convictions on two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Rudolph, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions on the grounds that he was denied the effective assistance of trial counsel, his sentence is disproportionate, the trial court penalized him for exercising his right to trial, and his sentence was improperly based upon a twenty-two-year-old conviction. Respondent has filed a motion for summary judgment on the ground that the petition is untimely. The Court finds that the petition was not timely filed and grants the motion.

**I.**

Rudolph was convicted by a jury in Wayne County Circuit Court of two counts of

first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. On May 2, 2008, he was sentenced to 30 to 50 years' in prison for each of the first-degree criminal sexual conduct convictions, and 90 months to 15 years' in prison for the second-degree criminal sexual conduct conviction.

Rudolph filed an appeal of right in the Michigan Court of Appeals, raising several claims, including several sentencing-related claims. The Michigan Court of Appeals affirmed Rudolph's convictions, but held that the trial court incorrectly scored two offense variables and remanded to the trial court for resentencing. *People v. Rudolph*, No. 266778 (Mich. Ct. App. Apr. 24, 2007).

On May 2, 2008, the trial court resentenced Rudolph to 20 to 30 years for each of the first-degree criminal sexual conduct convictions, and 90 months' to 15 years for the second-degree criminal sexual conduct conviction. Rudolph filed an appeal of right following the resentencing. The Michigan Court of Appeals affirmed the sentences. *People v. Rudolph*, No. 286010 (Mich. Ct. App. June 16, 2009).

Rudolph filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Rudolph*, 485 Mich. 1010 (Mich. Dec. 21, 2009).

He then filed the pending petition on March 29, 2011.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on December 21, 2009. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on March 21, 2010, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period

applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on March 22, 2010. The limitations period continued to run, uninterrupted, until it expired one year later. Petitioner's habeas petition was filed one week after the limitations period expired.

Petitioner does not assert a claim for equitable tolling of the limitations period and the Court finds no basis for equitable tolling. The petition is untimely.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV.

Petitioner failed to file his habeas petition within the applicable one-year limitations period and equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. #4] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 5, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on December 5, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager