## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY RUDOLPH,

                    Petitioner,                      Case Number: 2:11-CV-11270

v.                                         HONORABLE NANCY G. EDMUNDS

CAROL HOWES,

                    Respondent.

_____/

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION
### FOR SUMMARY JUDGMENT, DISMISSING PETITION,
### AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Timothy Rudolph is in the custody of the Michigan Department of

Corrections pursuant to convictions on two counts of first-degree criminal sexual conduct

and one count of second-degree criminal sexual conduct.  Rudolph, through counsel, filed

a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his

convictions on the grounds that he was denied the effective assistance of trial counsel, his

sentence is disproportionate, the trial court penalized him for exercising his right to trial,

and his sentence was improperly based upon a twenty-two-year-old conviction.

Respondent has filed a motion for summary judgment on the ground that the petition is

untimely.  The Court finds that the petition was not timely filed and grants the motion.

### I.

Rudolph was convicted by a jury in Wayne County Circuit Court of two counts of

first-degree criminal sexual conduct and one count of second-degree criminal sexual

conduct.  On May 2, 2008, he was sentenced to 30 to 50 years' in prison for each of the

first-degree criminal sexual conduct convictions, and 90 months to 15 years' in prison for

the second-degree criminal sexual conduct conviction.

Rudolph filed an appeal of right in the Michigan Court of Appeals, raising several

claims, including several sentencing-related claims.  The Michigan Court of Appeals

affirmed Rudolph's convictions, but held that the trial court incorrectly scored two

offense variables and remanded to the trial court for resentencing.  *People v. Rudolph*,

No. 266778 (Mich. Ct. App. Apr. 24, 2007).

On May 2, 2008, the trial court resentenced Rudolph to 20 to 30 years for each of

the first-degree criminal sexual conduct convictions, and 90 months' to 15 years for the

second-degree criminal sexual conduct conviction.  Rudolph filed an appeal of right

following the resentencing.  The Michigan Court of Appeals affirmed the sentences.

*People v. Rudolph*, No. 286010 (Mich. Ct. App. June 16, 2009).

Rudolph filed an application for leave to appeal to the Michigan Supreme Court.

The Michigan Supreme Court denied leave to appeal.  *People v. Rudolph*, 485 Mich. 1010

(Mich. Dec. 21, 2009).

He then filed the pending petition on March 29, 2011.

## II.

Respondent argues that the petition should be dismissed because it was not timely

filed.  A prisoner must file a federal habeas corpus petition within one year of the "date

2

on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review . . . or the date on which the factual predicate of the

claim or claims presented could have been discovered through the exercise of due

diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitations period does not

begin to run until the time for filing a petition for a writ of certiorari to the United States

Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In

addition, the time during which a prisoner seeks state-court collateral review of a

conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A

properly filed application for state post-conviction relief, while tolling the statute of

limitations, does not restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602

(6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court

of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court

denied his application for leave to appeal on December 21, 2009. Petitioner had ninety

days from that date to file a petition for writ of certiorari with the United States Supreme

Court, which he did not do. Thus, his conviction became final on March 21, 2010, when

the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th

Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a

petition for a writ of certiorari for direct review in the United States Supreme Court has

expired). The last day on which a petitioner can file a petition for a writ of certiorari in

the United States Supreme Court is not counted toward the one-year limitations period

applicable to habeas corpus petitions.  *Id.* at 285.  Accordingly, the limitations period

commenced on March 22, 2010.  The limitations period continued to run, uninterrupted,

until it expired one year later.  Petitioner's habeas petition was filed one week after the

limitations period expired.

Petitioner does not assert a claim for equitable tolling of the limitations period and

the Court finds no basis for equitable tolling.  The petition is untimely.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of

the Rules Governing Section 2254 Proceedings, which was amended as of December 1,

2009, requires that a district court must "issue or deny a certificate of appealability when

it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court

must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)."  Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Courts must either issue a certificate of appealability indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C. §

2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,

1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show

that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV.

Petitioner failed to file his habeas petition within the applicable one-year limitations period and equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. #4] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  December 5, 2011



I hereby certify that a copy of the foregoing document was served upon counsel of record on December 5, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

5

6